IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FRANCISCO PEREZ TORRES,<br><br>*Petitioner*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of The Department of Homeland Security; TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; PATRICK CONTRERAS, Direct of the Houston Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; and ALEXANDER SANCHEZ, Warden of the IAH Polk Adult Detention Facility,<br><br>*Respondents*. | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:26-CV-00603<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

Before the Court is Petitioner Francisco Perez Torres ("Petitioner")'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner is a 57-year-old citizen of Mexico who illegally entered the United States in or around June 2001. [Dkt. 1 at ¶ 1]. He is married to a U.S. citizen who has been diagnosed with kidney cancer.[1] *Id.* at ¶¶ 1–2. Petitioner filed an Application for Provisional Unlawful Presence Waiver on April 1, 2025 (Form I-601A) that remains pending, and is further waiting for the National Visa Center

[1] Petitioner emphasizes his role as his household's primary financial provider and his concern for his wife if he remains absent due to his immigration detention. [Dkt. 1 at ¶ 1].

to process his wife's approved Petition for Alien Relative (Form I-130). *Id.* at ¶ 3. On June 25, 2026, a State Trooper pulled Petitioner over for alleged speeding. *Id.* at ¶ 4. ICE agents who were accompanying the Trooper spoke with Petitioner and learned that he does not have valid status. *Id.* Petitioner was detained and has remained in immigration detention ever since. *Id.* He alleges that ICE re-classified him under § 235 of the Immigration and Nationality Act ("INA") sometime after he was detained. *Id.* at ¶ 113–14.

Petitioner filed his Petition on August 11, 2026. [Dkt. 1]. He notes that as of that date, he was undergoing removal proceedings before the Conroe Immigration Court, with his next Master Calendar Hearing scheduled for August 12, 2026. *Id.* at ¶ 2. He also notes that he was applying for Application for Cancellation of Removal (Form EOIR-42B) under § 240A(b)(1) of the INA.[2] *Id.* The Petition is ripe for review.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). A petitioner is entitled to relief under § 2241 if he is held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025).

## III. DISCUSSION

### A. The INA

Petitioner argues that his detention violates the INA because the fact he has received no individualized hearing means that his detention is punitive. [Dkt. 1 at ¶¶ 66–80]. But the lack of an individualized hearing does not render detention punitive. Indeed, Petitioner concedes—correctly—

[2] No status updates on his removal proceedings or his various applications have been provided.

that he has no statutory entitlement to a bond hearing under 8 U.S.C. § 1226(a) and the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). That decision also recognized that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens, like Petitioner, who have entered the United States without inspection and have been subsequently detained. *Id.* Therefore, the fact that Petitioner has not received a bond hearing to re-assess his detention does not, by itself, mean that his detention is punitive. The Court cannot grant his habeas petition on this ground.

**B. Due Process**

Petitioner next challenges his detention under Fifth Amendment Due Process principles. [Dkt. 1 at ¶¶ 81–97]. It is not clear whether Petitioner brings his challenge under a substantive due process or procedural due process claim. Based on Petitioner's references to "mechanism[s] for individualized review," *Mathews v. Eldridge*, 424 U.S. 319 (1976), and the claim that the constitutional violation is based on "Petitioner's continued detention without an individualized custody determination," the Court understands the argument to be a procedural due process claim. *Id.* at ¶¶ 92, 94, 97. The claim fails.

In *Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026), the Fifth Circuit rejected the argument that alien detainees are entitled to additional process under procedural due process principles. Specifically, the Fifth Circuit held that the key inquiry under § 1225(b) is whether the alien is an "applicant for admission" who is "clearly and beyond a doubt entitled to be admitted"; if he is not, then "he may be detained pending removal proceedings." *Id.* at *7 (citations omitted). An analysis under *Mathews v. Eldridge* does not bear on this inquiry because considerations such as dangerousness, flight risk, and connections to the United States have no bearing on whether the petitioner is an applicant for admission. *Id.* at *8–9.

Here, Petitioner is an applicant for admission under *Buenrostro-Mendez*, as explained *supra*. That is enough under *Rodriguez* to justify his detainment while his removal proceedings remain ongoing. Petitioner's argument that he had no individualized hearing where he could prove his lack of dangerousness, the existence of his ties to the United States, and his willingness to comply with the

immigration court's requirements is unavailing because these considerations do not affect his status as an applicant for admission and, therefore, the government's authority to detain him. *Rodriguez*, 2026 WL 3181188 at *8–9; [Dkt. 1 at ¶¶ 84–86]. Petitioner's procedural due process claim therefore fails.

**C. APA**

Petitioner argues that the Government violated the APA by failing to consider mitigating factors like his lack of criminal history, his intent to pursue relief through the proper immigration channels, flight risk, etc. [Dkt. 1 at ¶¶ 98–109]. The Court lacks jurisdiction to decide the merits of Petitioner's APA claim because it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Petitioner's lack of criminal history and intent to pursue legal immigration options do not retroactively make his illegal entry lawful. Because Petitioner is an illegal entrant, the Government must detain him under 8 U.S.C. § 1225 regardless of whether he has past criminal convictions or his intention to seek legal immigration. *See Buenrostro-Mendez v. Bondi*, 166 F.4th at 505–06. Accordingly, Petitioner must bring his APA claim in a separate, non-habeas proceeding. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

**D. Equal Protection Clause**

Petitioner also challenges his detention under the Fifth Amendment's "implicit guarantee of equal protection." [Dkt. 1 at ¶¶ 110–22]. He specifically argues that DHS's decision to reclassify him under § 235 of the INA—which, unlike § 240, does not provide detainees with bond hearings—was a violation of equal protection because it treated him differently than aliens classified under § 240. But this claim is not cognizable in a habeas petition. DHS's decision to reclassify Petitioner from § 240 to § 235 has no bearing on the lawful basis of Petitioner's detention—the sole target of a habeas petition. *Pierre*, 525 F.2d at 935–36 ("[A habeas petition]'s sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."). A petition for habeas corpus is generally not the proper vehicle for challenging conditions of confinement or confinement-

related procedures. *Carson*, 112 F.3d at 820–21. Detainees must challenge confinement-related procedures under 42 U.S.C. § 1983. *Id.* Because Petitioner's equal protection argument does not attack the legal basis of his detention, it is not proper in his habeas petition; it accordingly fails.

**E. Suspension Clause**

Petitioner raises the further claim that his detention violates the Suspension Clause. [Dkt. 1 at ¶¶ 123–33]. As its name and text suggest, the Suspension Clause does not come into play unless the writ of habeas corpus is somehow "suspended." *See* U.S. Const. art. I, § 9, cl. 2; *United States v. MacCollom*, 426 U.S. 317, 322 (1976). Only Congress, or the President with Congress's authorization, may suspend the writ. *See Ex parte Bollman*, 8 U.S. 75, 101 (1807) ("If at any time the public safety should require the suspension of the [writ], it is for the legislature to say so."); *Ex parte Milligan*, 71 U.S. 2, 16 (1866). Here, neither Congress nor the President has suspended the writ. Section 1225 does not preclude habeas review of pre-removal detention, and no executive action has purported to do so. *See* 8 U.S.C. § 1225. Accordingly, no suspension-clause violation has occurred.

**F. *Accardi* Doctrine**

Finally, Petitioner argues that ICE violated the *Accardi* Doctrine by failing to follow its own regulations when effecting his arrest; specifically, when ICE officers allegedly failed to determine that Petitioner was "likely to escape before a warrant [could] be obtained" under 8 C.F.R. § 287.8(c)(2)(i). [Dkt. 1 at ¶¶ 134–44]. However, an unlawful arrest, without more, does not entitle the arrestee to habeas relief. *See Howard v. Allgood*, 272 F. Supp. 381, 384 (E.D. La. 1967) ("[A]n unlawful arrest in itself is not grounds for setting aside an otherwise valid conviction"); *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1910) ("[I]f sufficient ground for [the petitioner's] detention by the government is shown, he is not to be discharged for defects in the original arrest . . . ."). Because Petitioner illegally entered the United States and remains present in the United States without legal status, he is deportable. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Petitioner's ongoing confinement during deportation proceedings is lawful regardless of whether he was lawfully

arrested. *See id.* § 1226(a); *Howard*, 272 F. Supp. at 384; *Bilokumsky*, 263 U.S. at 158. Petitioner is therefore not entitled to habeas relief. *See Pierre*, 525 F.2d at 935; *Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

The human toll involved in habeas corpus petitions weighs heavily on the Court's mind. But the Court must apply the law to the facts, and for the reasons explained above, it is **ORDERED** that Francisco Perez Torres's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. Any and all pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 16th day of November, 2026.**

Michael J. Truncale
United States District Judge